UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                       )
JANET BAKER AND JAMES BAKER,           )
               Plaintiffs              )
                                       )
v.                                     )Civil Action No. 09-10053-PBS
                                       )
GOLDMAN SACHS & CO., et al.,           )
               Defendants.             )
_____)
ROBERT ROTH and PAUL G. BAMBERG,       )
               Plaintiffs              )
                                       )
v.                                     )
                                       )Civil Action No. 10-10932-PBS
GOLDMAN SACHS & CO.,                   )
               Defendant and           )
         Third-Party Plaintiff,        )
                                       )
v.                                     )
                                       )
JANET BAKER AND JAMES BAKER,           )
         Third-Party Defendants.       )
_____)
```

**MEMORANDUM AND ORDER**

September 6, 2013

Saris, U.S.D.J.

1. Plaintiffs Janet Baker and James Baker move for a new trial pursuant to Fed. R. Civ. P. 59(a). The motion is **DENIED**. The evidentiary issues were decided at trial. Only two bear further discussion. With respect to the Wall Street Journal article, which the Court excluded on hearsay grounds, the Court never precluded Plaintiff's expert Donna Hitscherisch from testifying about the Wall Street Journal article in rendering an expert

opinion under Fed. R. Evid. 703, as Plaintiffs contend. See id. at 99; Docket No. 335 ("Whether experts may refer to article as evidence underlying opinion remains under advisement."). The issue was never pressed at trial and is waived.

During trial the Court also sustained Defendants' objections to various counter-designations made by the Plaintiffs to include in Ellen Chamberlain's video testimony. Plaintiffs now contend the Court erred in excluding these counter-designations. At the time of Defendants' presentation of Chamberlain's testimony, Plaintiffs had utilized all of their allocated trial time. The Court allowed Plaintiffs to include additional counter-designations when necessary to complete the testimony. See Fed. R. Evid. 106. However, the selections designated by Plaintiff were not necessary to complete the Defendant's designations, were largely repetitive of previous testimony, see Trial Tr. Day 18: 84, and were in excess of the time allocated to Plaintiffs to try the case, see Borges v. Our Lady of the Sea Corp., 935 F.2d 436, 442-43 (1st Cir. 1991) ("District courts may impose reasonable time limits on the presentation of evidence.") (citations omitted). Moreover, there was extensive presentation of video testimony by Ellen Chamberlain and the additional snippets of testimony would not have made a difference.

There was also sufficient evidence to support the jury's verdict in favor of the Defendant on all common law claims. See

2

Rivera Castillo v. Autokirey, Inc., 379 F.3d 4, 9 (1st Cir. 2004) ("Courts may only grant a judgment contravening a jury's determination when the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party.") (quotations omitted). Plaintiffs Jim and Janet Bakers' motion for new trial is **DENIED**.

2. Plaintiffs' motion for judgment in their favor on the third-party contribution claims is **ALLOWED** on the ground that a judgment on the third-party contribution claim is not legally available since Goldman was not found liable on the common law tort claims under Mass. Gen. L. Ch. 231B, § 3(d). See also Dighton v. Federal Pacific Electric Co., 399 Mass. 687, 691 (1987) ("The right to contribution is derivative of the joint liability in tort of the third-party plaintiff and the third-party defendant. Without liability in tort, there is no right to contribution."). The Court need not rule on the other grounds asserted by the Bakers that there was insufficient legal or factual basis for the contribution claims.

**ORDER**

The motion for a new trial and motion for judgement as a matter of law (Docket No. 484) is **ALLOWED IN PART AND DENIED IN PART** as stated.

```
                              /s/ PATTI B. SARIS
                             Patti B. Saris
                             Chief United States District Judge
```